**Dorothy Caroline JONES,
Plaintiff–Appellee,**

v.

**Curtis Lamar JONES, Defendant–
Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Jan. 31, 1994.

William H. Hall, Soddy–Daisy, for plaintiff-appellee.

Selma Cash Paty, Chattanooga, for defendant-appellant.

## OPINION

REID, Chief Justice.

In this domestic relations case, the custodial parent appeals from the judgment of the trial court, affirmed by the Court of Appeals, that T.C.A. § 36–5–101(e)(1) Child Support Guidelines do not apply in this case. By this Court's interpretation of the statute, the guidelines apply.

On May 6, 1987, judgment was entered in the trial court awarding custody of two minor children to the appellant father, Curtis Lamar Jones, and ordering the mother, Dorothy Caroline Jones, to pay $220 biweekly for the support of the children.

On June 5, 1991, subsequent to the passage of the 1989 act amending Section 36–5–101(e) to incorporate the child support guidelines promulgated by the Tennessee Department of Human Services, the custodial father filed a petition alleging a substantial change of circumstances and seeking an increase in support from the mother. Based on evidence regarding changes in the parties' income and an increase in the children's expenses, the trial court found a substantial change in circumstances, and increased the periodic support payments from $220 to $320 biweekly. The trial court found the guidelines issued pursuant to the 1989 act, which would require payments substantially greater than ordered by the court, did not apply because the original judgment was entered prior to the effective date of the guidelines.

The Court of Appeals affirmed the decision of the trial court with an order pursuant to that court's Rule 10.

Determinations of child support in Tennessee are governed by statute and regulations establishing guidelines. T.C.A. § 36–5–101 (Supp.1993); Tenn.Comp.R. & Regs., ch. 1240–2–4 (1989). The regulations were promulgated to comply with federal law requiring states to establish child support guidelines as a condition to receiving federal funding under the Aid to Families with Dependent Children Act. 42 U.S.C. § 667 (1988). Specific child support guidelines have been established by the Department of Human Services through promulgation of the administrative rules found in chapter 1240–2–4 of the *Official Compilation of the Rules and Regulations of the State of Tennessee.*

T.C.A. § 36–5–101(e) provides:

(1) In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties.

(2) Beginning October 13, 1989, the child support guidelines promulgated by the department pursuant to the rulemaking provisions of the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, shall be the guidelines that courts shall apply as a rebuttable presumption in child support cases....

The applicable regulations state:

These guidelines shall be applicable in any action brought to establish *or modify* child support, whether temporary or permanent....

Tenn.Comp.R. & Regs., ch. 1240–2–4–.02(3) (emphasis added); and,

These guidelines shall be applied as a rebuttable presumption in all child support cases beginning October 13, 1989. If the court finds that the evidence is sufficient to rebut the presumption that the application of the guidelines is the correct amount to be awarded, then the court must make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case.

Tenn.Comp.R. & Regs., ch. 1240–2–4–.02(8).

Because the regulations explicitly state that after the effective date of October 13, 1989, the guidelines shall be applicable in actions to modify child support, this case is remanded to the trial court to set the child support in accordance with the guidelines, or to enter its written finding that the application of the guidelines would be unjust or inappropriate and set the support payments

accordingly. *See Nash v. Mulle,* 846 S.W.2d 803, 804 (Tenn.1993).

Costs are taxed against the appellee.

DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.